**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ODELL TONY ADAMS,

Defendant - Appellant.

No. 10-30133

D.C. No. 3:09-cr-279-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Argued and Submitted January 13, 2011
Seattle, Washington

Before:     GRABER and M. SMITH, Circuit Judges, and BREYER,[**] District
Judge.

Defendant -Appellant Odell Tony Adams appeals from a judgment of

conviction and sentence.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and

we affirm.

Adams raises three claims of error.  First, that a mistrial should have been

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

declared because of prosecution statements during rebuttal that allegedly shifted the burden of proof to Adams. Second, that the district court should not have accepted the verdict because of an outstanding question from the jury. Third, that the district court procedurally and/or substantively erred in imposing the sentence.

With respect to Adams's first claim of error, the district court did not abuse its discretion in declining to grant a mistrial because the prosecution's rebuttal pointing out a lack of evidence to support various defense theories of the case did not cross the line from permissible advocacy to impermissible burden shifting. See United States v. Mares, 940 F.2d 455, 461 (9th Cir. 1991); United States v. Segna, 555 F.2d 226, 230 (9th Cir. 1977).

Nor is there reversible error in the district court's decision to accept the verdict notwithstanding an outstanding jury question that the district court did not have an opportunity to respond to before the jury returned its verdict. The district court proposed to tell the jurors in response to their question that it could not provide any further instruction because the issues they inquired about were up to them to decide. Both counsel agreed to this approach. The court's failure to respond was not structural error because the jury's note did not reveal "actual confusion about the law." Beardslee v. Woodford, 358 F.3d 560, 575 (9th Cir. 2004). The practical effect of what actually happened (the jury was provided no

further instruction) is identical to what the parties agreed to (the district court telling the jurors that they would be provided no further instruction). Accordingly, Adams could not have been prejudiced.

Finally, there was no sentencing error. The district court considered Adams's history and characteristics explicitly, thereby avoiding procedural error, and the resulting sentence was reasonable. See United States v. Carty, 520 F.3d 984, 991-94 (9th Cir. 2008) (*en banc*).

**AFFIRMED.**